1  KRISTA M. CABRERA, CA Bar No. 190595
      kcabrera@foley.com
2  KEVIN JACKSON, CA Bar No. 278169
      kjackson@foley.com
3  **FOLEY & LARDNER LLP**
   11988 EL CAMINO REAL, SUITE 400
4  SAN DIEGO, CA 92130-2594
   TELEPHONE: 858.847.6700
5  FACSIMILE:  858.792.6773

6  Attorneys for Defendants TIRE'S
   WAREHOUSE, LLC; U.S.
7  AUTOFORCE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| URIEL ARAUZ MASIS, an individual, | Case No. 5:21-cv-01077 |
| Plaintiff, | **DEFENDANTS TIRE'S WAREHOUSE, LLC AND U.S. AUTOFORCE, LLC'S NOTICE OF REMOVAL OF ACTION 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)** |
| vs. | |
| TIRE'S WAREHOUSE, LLC, a California limited liability company; U.S. AUTOFORCE, LLC, a Wisconsin limited liability company; RICHARD WRIGHT, an individual; and DOES 1 through 100, inclusive, | FILED CONCURRENTLY WITH:<br><br>i. DECLARATION OF KRISTA CABRERA;<br>ii. DECLARATION OF ELYSE STACKHOUSE;<br>iii. CIVIL COVER SHEET;<br>iv. DISCLOSURE STATEMENT AND CERTIFICATION AND NOTICE OF INTERESTED PARTIES; AND<br>v. PROOF OF SERVICE |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Tire's Warehouse, LLC (hereinafter referred to as "Tire's Warehouse") and U.S. Autoforce, LLC (hereinafter referred to as "U.S. Autoforce") (collectively the "Corporate Defendants") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby invoke this Court's jurisdiction and removes the above-captioned case, pending in the Superior Court of California, Riverside County, Case No. CVRI2101672, to the United States District Court for the Central District of California on the following grounds:

1. On March 29, 2021, Plaintiff Uriel Arauz Masis ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of California, County of Riverside, entitled "URIEL ARAUZ MASIS, an individual, v. TIRE'S WAREHOUSE, LLC, a California limited liability company; U.S. AUTOFORCE, LLC, a Wisconsin limited liability company; RICHARD WRIGHT, an individual; and DOES 1 through 100, inclusive," Case No. CVRI2101672 (the "Complaint").  Tire's Warehouse received service of the Complaint on or around May 26, 2021.  [Declaration of Krista M. Cabrera ("Cabrera Decl."), ¶ 3.]  U.S. Autoforce received service of the Complaint on or around June 1, 2021.  [*Id.*, ¶ 3.]  A true and correct copy of Plaintiff's Complaint is attached to the Declaration of Krista Cabrera as Exhibit A.

2. The Complaint alleges the following eight causes of action: (1) Race Discrimination; (2) Wrongful Termination in Violation of Public Policy; (3) Failure to Pay Wages Upon Discharge (Labor Code §§ 201 and 203); (4) Failure to Pay Overtime Wages (Labor Code §§ 510 and 1194); (5) Failure to Provide Meal Periods (Labor Code §§ 226.7 and 512); (6) Failure to Provide Rest Periods (Labor Code § 226.7); (7) Failure to Provide Accurate Wage and Hour Statements (Labor Code § 226); and (8) Failure to Provide Paid Sick Leave (Labor Code §§ 246, 246.5).

3. This Action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and may be removed to this Court pursuant to 28 U.S.C. § 1441

because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. A true and correct copy of the state court docket in the Superior Court of California, County of Riverside is attached to the Cabrera Declaration as <u>Exhibit B</u>.

### I. <u>THIS ACTION IS SUBJECT TO REMOVAL ON THE BASIS OF COMPLETE DIVERSITY JURISDICTION</u>

#### A. <u>Plaintiff is a Citizen of California</u>

5. At the time of the filing of the action and at the time of filing this Notice of Removal, Plaintiff was and still is a citizen of California, inasmuch as Plaintiff alleges that he "is, and at all times mentioned in this [Complaint] was, an individual resident in Stanislaus County, California." [*See* Cabrera Decl., Ex. A, Complaint at ¶ 1.] For purposes of assessing diversity jurisdiction, Plaintiff is a citizen of the State of California. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (holding that for diversity purposes, a person is a citizen of the state in which they are domiciled); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (holding that a party's allegation of minimal diversity may be based on "information and belief").

#### B. <u>The Corporate Defendants are Non-California Citizens</u>

6. U.S. Autoforce, LLC is a Wisconsin limited liability company. [*See* Cabrera Decl., Ex. A, Complaint at ¶ 1; *see also* Declaration of Elyse Stackhouse ("Stackhouse Decl."), ¶ 4.] It has one member – U.S. Venture, Inc., which is a Wisconsin corporation. [Stackhouse Decl., ¶ 4.] U.S. Venture, Inc. also has its principal place of business in Wisconsin. [Stackhouse Decl., ¶ 5.] For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, U.S. Autoforce, LLC is a citizen in every state in which its sole member— U.S. Venture, Inc.—is a citizen. For the purposes of diversity of citizenship, a corporation is a citizen of every state or foreign country where it is incorporated and

1  where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v.*
2  *Friend*, 559 U.S. 77, 80 (2010) (holding principal place of business for purposes of
3  citizenship "refers to the place where the corporation's high level officers direct, control,
4  and coordinate the corporation's activities").  U.S. Venture, Inc. is thus a citizen of
5  Wisconsin; in turn, U.S. Autoforce, LLC, is a citizen of Wisconsin for purposes of
6  diversity of citizenship.

7        7.    Tire's Warehouse, LLC is a California limited liability company.  (*See*
8  Cabrera Decl., Ex. A, Complaint at ¶ 2.)  However, a limited liability company's place of
9  formation does not determine its citizenship for purposes of diversity jurisdiction.
10 Instead, a limited liability company "is a citizen of every state of which its
11 owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d
12 894, 899 (9th Cir. 2006).  Tire's Warehouse, LLC has a single member—U.S. Autoforce,
13 LLC.  [Stackhouse Decl., ¶ 3.]  As discussed above, U.S. Autoforce, LLC is a citizen of
14 Wisconsin for purposes of diversity jurisdiction.  Accordingly, Tire's Warehouse, LLC is
15 a citizen of Wisconsin for purposes of diversity jurisdiction.  *Id*.; *see also Neuport*
16 *Assocs., LLC v. Newton,* No. CV 16-8176 PA (FFMX), 2016 WL 10999274, at *2 (C.D.
17 Cal. Nov. 4, 2016) (rejecting defendant's argument that the citizenship of plaintiff—a
18 limited liability company—was determined by its principal place of business and place of
19 formation, and finding that defendant improperly "alleged the citizenship of the limited
20 liability company defendant as if it were a corporation.").

21       **C.**    **The Citizenship of Richard Wright and Doe Defendants Should**
22              **Be Disregarded**

23       8.    The Complaint also names Richard Wright ("Wright") as a defendant under
24 the Third through Eighth Causes of Action, all brought for alleged wage and hour
25 violations under the California Labor Code (referred to herein as the "Wage Claims").
26 [*See* Cabrera Decl., Ex. A, Complaint at ¶¶ 34-80.]  As demonstrated below, Plaintiff is
27 unable to bring any of the aforementioned causes of action against Wright, and as a
28 result, his citizenship is of no consequence to the determination of complete diversity for

1  this removal. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)
2  (noting that if according to settled rules of state law the plaintiff obviously fails to state a
3  cause of action against a resident defendant, complete diversity exists).  Plaintiff's
4  addition of Wright to these claims based upon specious allegations that simply recite the
5  elements of those claims *without sufficient factual allegations or a legal basis of liability*
6  demonstrates Plaintiff's transparent effort to improperly destroy diversity jurisdiction.
7  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (noting that
8  defendants improperly named on a complaint to defeat diversity are "sham defendants")
9  (*citing McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1988) (holding that if
10 a plaintiff fails to state a cause of action against a resident defendant and that failure is
11 clear according to settled rules of the state, "the joinder of the resident defendant is
12 fraudulent.").

13        9.     Indeed, as fully addressed below, the Wage Claims as alleged in the
14 Complaint fail to meet federal pleading standards set forth under Fed. R. Civ. P. 8(a)
15 ("Rule 8(a)").  The United States Supreme Court's interpretation of Rule 8(a) makes clear
16 that a complaint must, at the very least, contain a minimal amount of factual allegations
17 such that there is a plausible claim for relief asserted. *Bell Atl. Corp. v. Twombly*, 550
18 U.S. 544, 570 (2007).  It follows logically then that "a formulaic recitation of the
19 elements," without more, is insufficient to meet that standard. *Ashcroft v. Iqbal*, 556
20 U.S. 662, 678 (2009), *quoting Twombly*, 550 U.S. at 555.  A claim therefore must be
21 "plausible on its face," which means that the court can "draw the reasonable inference
22 that the defendant is liable for the misconduct alleged." *Id.*; *see also Twombly*, 550 U.S.
23 at 570.  Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported
24 by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663.  The causes of
25 action alleged against Wright consist of threadbare recitals of the elements only
26 supported by improper conclusory statements.  Thus, the allegations must be disregarded
27 for diversity purposes. *McCabe*, 811 F.2d at 1339; *see also Tipton v. Airport Terminal*
28 *Servs., Inc.*, No. 2:18-CV-09503-AB-JEM, 2019 WL 185687, at *5 (C.D. Cal. Jan. 14,

2019) (disregarding citizenship of individual defendant because FEHA harassment and IIED claims brought against individual defendant were supported by conclusory statements without sufficient factual allegations).

### a. **<u>Plaintiff Fails to State Facts Sufficient to Allege the Wage Claims Against Individual Defendant Wright</u>**

10. Plaintiff brings his Wage Claims against all Defendants, including Wright. Plaintiff fails to state a single actionable claim against Wright for the alleged Wage Claims, and he does not plead any specific facts suggesting that Wright caused, or is otherwise personally liable, for the Labor Code violations upon which the Wage Claims are based; instead, Plaintiff's definition of "Defendants" summarily lumps Wright into its bare recitals in pleading the Wage Claims, without identifying Wright's alleged role or involvement therein.

11. Plaintiff must plead specific facts giving rise to Wright's alleged personal liability under the Wage Claims. Indeed, numerous district courts have dismissed claims against individuals for alleged wage-and-hour violations where, like here, the employee-plaintiff merely relies on the individual defendant's respective position as an "owner, director, officer and/or managing agent," rather than alleging *specific* conduct that the individual defendant was "personally involved" in any "individual wrongdoing" sufficient to establish a plausible claim for individual liability under the Labor Code. *See, e.g., Rios v. Linn Star Transfer, Inc.* (N.D. Cal. 2020) 2020 WL 1677338, at *6 (concluding the allegations against the individual defendants "do not set forth facts giving rise to a plausible inference that they are *personally* liable pursuant to Section 558.1 for the Labor Code violations alleged" because the plaintiffs merely rely on the individual defendants' "respective positions 'as owners, directors, officers and/or managing agents of [the employer]'"]; *Jacobs v. Sustainability Partners LLC* (N.D.Cal. 2020) 2020 WL 5593200, at *13 [granting the individual defendant's motion to dismiss because the plaintiff's complaint "is devoid of any factual allegations concerning [the individual defendant's] role in [the employer's] failure to reimburse business

expenses owed to plaintiff"]; *Carter v. Rasier-CA, LLC* (N.D.Cal. 2017) 2017 WL 4098858, at *5 [dismissing claims premised on liability under section 558.1 because the plaintiffs failed to "allege specific facts to establish that [the individual defendant] was personally involved" in the state wage and hour violations].).  The California Court of Appeal recently adopted these standards in a case of first impression interpreting the requirements of California Labor Code section 558.1—the Labor Code provision that explicitly gives rise to individual liability for wage violations—and held that the individual defendant must either have been *personally involved* in the purported violation of one or more of the enumerated provisions; *or, absent such personal involvement, had sufficient participation in the activities of the employer*, including, for example, over those responsible for the alleged wage and hour violations, such that the "owner" may be deemed to have contributed to, and thus for purposes of this statute, "cause[d]" a violation."  *Usher v. White*, No. D077133, 2021 WL 2173167, at *8 (Cal. Ct. App. May 28, 2021).

12. There is not a single allegation in the Complaint that Wright engaged in any conduct that could constitute such "personal involvement" or "sufficient participation" in the circumstances underlying the Wage Claims.  At most, Plaintiff merely alleges that Wright was his "supervisor" during his employment.  The only specific allegation against Wright concerns his involvement in an internal investigation that Plaintiff contends was a pretext for his "wrongful termination," but this allegation has nothing to do with the Wage Claims and Plaintiff does not assert his first and second causes of action for discrimination and wrongful termination against Wright in his individual capacity.

13. Because Plaintiff has not and cannot sufficiently plead any of the Wage Claims against Wright under the applicable pleading standards, Wright is plainly a sham defendant with regard to these claims.

### D. The Amount In Controversy Requirement Is Satisfied

14. From the face of the Complaint, the amount in controversy in this action exceeds $75,000.00. Among other claims, Plaintiff alleges the Corporate Defendants subjected him to discrimination and wrongful termination, and failed to pay him all wages due and owing in violation of the Labor Code. Plaintiff's allegations explicitly state that the damages he seeks are far in excess of the $75,000 minimum:

    a. Plaintiff alleges that he is entitled to damages "according to proof but believed to be in excess of **$1,000,000.00**" on his first and second causes of action. [*See* Cabrera Decl., Ex. A, Complaint at Prayer (p. 23)].

    b. Plaintiff alleges that he is entitled to damages "according to proof but believed to be in excess of **$1,000,000.00**" on his third, fourth, fifth, sixth, seventh, and eighth causes of action. [*See* Cabrera Decl., Ex. A, Complaint at Prayer (p. 24)].

    c. Plaintiff alleges he was a full-time employee earning $20 per hour, and that he is owed 30 days of waiting time penalties in an amount of $20/hour x 8 hours per day x 30 days, for a total of **$4,800** in waiting time penalties. [*See* Cabrera Decl., Ex. A, Complaint ¶¶ 11-12, 39.]

    c. Plaintiff alleges he is entitled to **$15,600** in unpaid overtime compensation. [*See* Cabrera Decl., Ex. A, Complaint ¶ 47.]

    d. Plaintiff alleges he is entitled to **$3,120** in unpaid meal period premiums. [*See* Cabrera Decl., Ex. A, Complaint ¶ 55.]

    e. Plaintiff alleges he is entitled to **$3,120** in unpaid rest period premiums. [*See* Cabrera Decl., Ex. A, Complaint ¶ 62.]

    f. Plaintiff alleges he is entitled to **$2,550** for inaccurate wage statements. [*See* Cabrera Decl., Ex. A, Complaint ¶ 74.]

    g. Plaintiff alleges he is entitled to **$4,000** in penalties on his claim for paid sick leave. [*See* Cabrera Decl., Ex. A, Complaint ¶ 80].

15. Where, as here, the complaint "alleges damages in excess of the federal amount-in-controversy requirement, then the amount-in-controversy requirement is presumptively satisfied unless it appears to a "legal certainty" that the claim is actually for *less* than the jurisdictional minimum." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 402 (9th Cir. 1996). Here, Plaintiff explicitly alleges damages of more than $2,000,000—well in excess of the $75,000 jurisdictional minimum. Based on Plaintiff's own explicit claims and allegations, there is no appearance of a "legal certainty" that his claims are actually for less than $75,000. Accordingly, the amount-in-controversy requirement is established.

16. Even if the Court were not to accept Plaintiff's total damages calculations as dispositive, his claim for discrimination alone would exceed the $75,000 threshold. Plaintiff alleges that he has lost "wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been wrongfully discriminated against by Defendant." [*See* Cabrera Decl., Ex. A, Complaint ¶ 28.] Plaintiff alleges he earned $20 per hour and worked at least 40 hours per week, for total monthly earnings of $3,466 ([$20/hour x 40 hours/week x 52 weeks] / 12 months). [*Id.*, ¶ 21.] Assuming a trial date sometime in June 2022 (12 months after removal), an estimate of Plaintiff's claim for lost past wages, from the date Plaintiff alleges he was terminated (December 2019) through the time of trial, amounts to approximately $62,388 ($3,466 x 18 months). [*Id.*, ¶ 17.] Plaintiff's allegations seek to recover front pay, insofar as he seeks damages for wages he would have early "had [he] not been wrongfully discriminated against by Defendant," such that a reasonable estimate of Plaintiff's claim for two years of lost future wages alone at the time of trial, exclusive of any interest, amounts to approximately $83,184 (24 months x $3,466/month). [*Id.*, ¶ 28.] Plaintiff's claim for lost past and future wages alone amounts to at least $145,572. Accordingly, this provides a basis independent of Plaintiff's estimate of damages to meet the amount-in-controversy threshold, and establishes that there cannot be any possibility of a "legal certainty" that his claims are actually for less than $75,000.

## II. THIS NOTICE OF REMOVAL IS TIMELY

17. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because this removal is being filed within 30 days of service of the Complaint.

## III. THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

18. Removal to this Court is proper as the Superior Court of the State of California, County of Riverside, where this action was originally filed, is located within this district.

19. Tire's Warehouse and U.S. Autoforce believe that the documents contained in Exhibit A to the Cabrera Declaration comprise the complete record of filings made in the Superior Court of California, County of San Riverside.

20. Because Plaintiff and the Corporate Defendants are citizens of different states and the amount in controversy is greater than $75,000.00, this Court has original jurisdiction over all causes of action alleged in this matter pursuant to the provisions of 28 U.S.C. § 1332 and the entire action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

21. Pursuant to 28 U.S.C. § 1446(d), Tire's Warehouse and U.S. Autoforce are filing written notice of this removal with the clerk of the Superior Court for the State of California, Riverside. Copies of the Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

22. Wherefore, Tire's Warehouse and U.S. Autoforce pray that this action be removed from the Superior Court of California, County of San Riverside to the United States District Court for the Central District of California, and for such further relief as may be just and proper.

23. This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

///

DATED: June 25, 2021

**FOLEY & LARDNER LLP**
Krista M. Cabrera
Kevin Jackson


/s/ Krista M. Cabrera
Krista M. Cabrera
Attorneys for Defendants TIRE'S WAREHOUSE, LLC; U.S. AUTOFORCE, LLC; and RICHARD WRIGHT