# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TIRE'S WAREHOUSE, LLC, a California limited liability company
(additional parties attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

URIEL ARAUZ MASIS, an individual,

**FILED**
Superior Court of California
County of Riverside
3/29/2021
J. Hendrickson
Electronically Filed

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Riverside Historic Courthouse

4050 Main Street
Riverside, California 92501

**CASE NUMBER:**
*(Número del Caso):*

**CVRI2101672**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
McMillan & Herrell, 8383 Wilshire Blvd., Suite 363, Beverly Hills, California 90211  (323) 951-0060

DATE:
*(Fecha)*   **3/29/2021**

Clerk, by
*(Secretario)* _____

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Tire's Warehouse, LLC, a California limited liability company

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other *(specify):* Limited Liability Company
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Uriel Arauz Masis v. Tire's Warehouse, LLC, et al. | **CVRI2101672** |

**INSTRUCTIONS FOR USE**

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

U.S. AUTOFORCE, LLC, a Wisconsin limited liability company; RICHARD WRIGHT, an individual; and DOES 1 through 100, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  McMILLAN & HERRELL
SHELLY D. McMILLAN, SBN 136618
2  MATTHEW B. HERRELL, SBN 146242
8383 Wilshire Boulevard, Suite 363
3  Beverly Hills, California 90211
Telephone: (323) 951-0060
4  Facsimile: (323 ) 951-0061

5  Attorneys for Plaintiff,
URIEL ARAUZ MASIS

**FILED**
Superior Court of California
County of Riverside
**3/29/2021**
J. Hendrickson
Electronically Filed

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF RIVERSIDE

10
URIEL ARAUZ MASIS, an          ) CASE NO. **CVRI2101672**
11 individual,                    )
                                  ) **COMPLAINT FOR DAMAGES FOR:**
12            Plaintiff,          )
                                  ) 1. Race Discrimination;
13     vs.                        )
                                  ) 2. Wrongful Termination
14                                )    Violation of Public Policy;
TIRE'S WAREHOUSE, LLC, a        )
15 California limited liability   ) 3. Failure to Pay Wages upon
company; U.S. AUTOFORCE, LLC,   )    Discharge (Lab. Code §§ 201
16 a Wisconsin limited liability )    and 203);
company; RICHARD WRIGHT, an     )
17 individual; and DOES 1 through) 4. Failure to Pay Overtime Wages
100, inclusive,                 )    (Labor Code §§ 510, 1194);
18                                )
             Defendants.         ) 5. Failure to Provide Meal
19 _____ )    Periods (Lab. Code §§ 226.7
                                       and 512);
20
                                    6. Failure to Provide Rest
21                                     Periods (Lab. Code §§ 226.7);

22                                  7. Failure to Provide Accurate Wage
                                       and Hour Statements (Lab. Code §
23                                     226); and

24                                  8. Failure to Provide Paid Sick
                                       Leave (Lab. Code § 246, 246.5)
25
                                   **DEMAND FOR JURY TRIAL**
26
          Plaintiff, URIEL ARAUZ MASIS, alleges, on information
27
and belief, as follows:
28

### THE PARTIES

1.   Plaintiff, Uriel Arauz Masis ("Plaintiff") is, and at all times mentioned in this complaint was, an individual resident in Stanislaus County, California.

2.   Defendant, Tire's Warehouse, LLC, ("TW") is, and at all relevant times was, a California limited liability company, doing business throughout the State of California with its corporate offices located at 1800 Fullerton Ave., Suite 300, Corona, California 92881. Plaintiff is informed and believes that TW is an employer with in excess of 100 employees.

3.   Defendant, U.S. AutoForce, LLC ("Autoforce") is, and at all relevant times was, Wisconsin limited liability company, doing business in the County of Riverside, State of California, from offices located at 1800 Fullerton Ave., Suite 300, Corona, California 92881. Plaintiff is informed and believes that Autoforce is an employer with in excess of 100 employees.

4.   Defendant, Richard Wright ("Wright"), is, and at all times mentioned in this complaint was, an individual resident in the county or Riverside, State of California. Wright is the regional manager for TW and Autoforce and was Plaintiff's supervisor during the time Plaintiff worked for these defendants.

5.   Tire's Warehouse, LLC and U.S. AutoForce, LLC are referred to collectively as "TW/Autoforce." TW/Autoforce are in the business of selling wholesale and distributing tires, auto parts and supplies throughout the State of California and the United States.

6.   Tire's Warehouse, LLC, U.S. AutoForce, LLC and Wright are referred to collectively as "Defendants."

2

7.   Plaintiff is unaware of the true names and capacities of defendants sued herein as Does one (1) through one hundred (100), inclusive, and sues these defendants under such fictitious names. Plaintiff will seek leave of court to amend this complaint to name such defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is in some manner responsible for the acts and omissions herein alleged.

8.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants herein was the agent, or servant, or licensee, or employee, or alter ego, of each of the remaining defendants, and was at all times herein mentioned acting within the course and scope of said relationship. Defendants TW and Autoforce are owned and operated by the same shareholders, officers and directors and operate as a single business enterprise combining their assets and operations in the conduct of their tire and auto parts business. Defendants TW and Autoforce have interlocking directors and officers. TW and Autoforce operate from the same business locations where they maintain their headquarters. Defendants TW and Autoforce operate using the same shared pool of money, property, assets, facilities, suppliers, and employees as well as sharing the same customers and business opportunities.

9.   Plaintiff is further informed and believes, and thereon alleges, that at all times herein mentioned, each business or corporate entity, through its officers, directors and managing agents, and each individual defendant, had advance knowledge of the wrongful conduct of said agents, servants, licensees, employees and alter egos, and allowed said wrongful conduct to occur and continue

3

1    to occur, thereby ratifying said wrongful conduct, with a conscious
2    disregard of the rights and safety of persons such as Plaintiff, and
3    after becoming aware of their wrongful conduct, each corporate
4    defendant by and through its officers, directors and managing agents,
5    and each individual defendant, authorized and ratified the wrongful
6    conduct herein alleged.

7    **FACTUAL BACKGROUND**

8    10.   In or about June, 2019 Plaintiff was hired by
9    Defendants as a Driver working out of Defendants' distribution center
10   located at 33375 Central Avenue, Union City, California 94587.
11   Plaintiff was hired as a delivery driver and would drive Defendants'
12   trucks to distribute Defendants' products to customers daily.
13   Plaintiff's workday was from 5:30 a.m. to 6:00-6:30 p.m., Monday
14   through Friday, and on Saturdays from 6:00 a.m. to 2:00 p.m. When
15   Plaintiff initially began work for Defendants, the trucks were loaded
16   and ready for him to begin driving when his workday began. He would
17   then drive the tire loads to the customers, unload the tires for each
18   delivery, and return the truck at the end of the day.

19   11.   Plaintiff's starting rate of pay was $20.00 per hour.
20   At all times during his employment, Plaintiff was an exemplary
21   employee who never received any complaints or write-ups.

22   12.   After Plaintiff's probationary period, which lasted
23   approximately 3 months, Plaintiff began to work as a permanent, full-
24   time employee. When Plaintiff became a permanent employee, he was one
25   of approximately 8 Hispanic employees working at Defendants' Union
26   City distribution center.

27   13.   When Plaintiff became a permanent employee, Defendants
28   changed Plaintiff's job duties and Plaintiff was treated differently

4

1   from the non-Hispanic employees. After Plaintiff became a permanent
2   employee, Plaintiff and other Hispanic employees, were required to
3   do all the heavy lifting and loading of vehicles at Defendants' Union
4   City distribution center, while the non-Hispanic drivers were not
5   required to lift and the load tires before beginning their driving
6   shift. Specifically, Plaintiff and the other Hispanic drivers were
7   required to load their vehicles with tires before beginning their
8   deliveries, and then required to load the vehicles of all the non-
9   Hispanic Drivers. The work of lifting and loading tires onto
10  Defendants' delivery vehicles routinely required loaders to lift
11  tires weighing from 7 lbs to 140 lbs. All other non-Hispanic Drivers
12  were not required to load tires for distribution. Instead, the
13  drivers of Hispanic descent were used as lifters and loaders for the
14  other, non-Hispanic drivers.
15          14.  In or about September, 2019, when Plaintiff entered
16  the cabin of the truck to which he had been assigned Plaintiff
17  noticed a strong odor of marijuana in the cabin. As it is unlawful
18  to drive with an open container of alcohol or marijuana, Plaintiff
19  was concerned that the strong odor indicated the presence of
20  marijuana in the vehicle. Plaintiff searched the cabin to find the
21  source of the odor and found an open bag of marijuana inserted
22  between the driver's and front passenger's seats. Plaintiff removed
23  the bag of marijuana and complained to Defendants'
24  Dispatcher/Assistant Manager, Paris, about the open bag of marijuana
25  that had been in the cabin of the truck which he was assigned to
26  drive. Plaintiff was told to report the complaint to the Branch
27  Manager, David, who was in the office, which Plaintiff did. At that
28  time, David took the marijuana and said he would look into it.

5

Several weeks passed, but Plaintiff was never contacted by anyone from the company regarding an investigation. Though it is illegal, under California Vehicle Code section 23222b drive with an open container of marijuana in a vehicle, it was also against the company's policy for employees to drive under the influence of controlled substances, and Plaintiff had complained about the marijuana being placed in the truck he was assigned to drive, Defendants did not did conduct an investigation and did not take any action to find and discipline the employee who had placed the marijuana in the vehicle which Plaintiff had been assigned to drive. Despite Plaintiff's complaint to two managers, nothing was done to the employee or employees who had placed Plaintiff in danger.

15. Shortly after Plaintiff complained about the marijuana that had been placed in the truck which he was assigned to drive, on or about October 25, 2019, Plaintiff injured his back while loading a heavy tire onto a delivery truck. The next day, on or about October 26, 2019, Plaintiff reported to Paris, Defendants' Dispatcher/Assistant Manager, that his back had been injured. Defendants did not offer Plaintiff any medical assistance, Defendants did not provide notice of Plaintiff's right to workers' compensation benefits, nor did Defendants offer Plaintiff any sick leave or time off. Plaintiff complained multiple times about his painful back injury. However, Plaintiff was forced to continue working, without sick leave, without medical treatment and without any assistance, all the while being in pain from his injured back. By November 4, 2019, Plaintiff was in so much pain from his untreated back injury that he went to seek treatment from a physician at Kaiser Permanente. Plaintiff was advised that Plaintiff needed leave from work from

6

1   November 4, 2019, through November 6, 2019, and then from November
2   6 through November 10, 2019. Plaintiff advised his supervisor, Paris,
3   of his continuing injury and the fact that he had been ordered to
4   take medical leave from work by his physician. Plaintiff provided
5   copies of two doctor's notes in support of his request for medical
6   leave. Plaintiff was scheduled to return to work on November 11,
7   2019.   Though Plaintiff was entitled to 3 days of sick leave based
8   on his hours worked, Plaintiff was not afforded the paid sick leave
9   to which he was legally entitled.

10          16.   Before Plaintiff could return to work, he received an
11  email from Richard White, Defendants' Regional Manager, informing him
12  that he could not return to work, allegedly, because he had been
13  accused of improperly receiving $5,000 in exchange for tires.
14  Plaintiff was summoned to a meeting with Mr. White on or about
15  November 13, 2019, and he was again falsely accused of selling
16  Defendants' tires in exchange for $5,000.00. Plaintiff had not stolen
17  or sold any of Defendants' tires and had no idea what Mr. White was
18  talking about. Plaintiff stated emphatically that he had not stolen
19  or sold any tires and had not received any money for the unauthorized
20  sale of Defendants' tires. Plaintiff insisted that Defendants should
21  report the alleged theft to the police so that the police could
22  conduct a thorough investigation. At the end of the meeting,
23  Plaintiff was placed on suspension.

24          17.   On or about December 3, 2019, Plaintiff received a
25  call from Nick, Defendants' Branch Manager, and was told to report
26  to a meeting the next day. On December 4, 2019, Plaintiff reported
27  to the meeting with Nick. During the meeting Nick informed Plaintiff
28  that Defendants had conducted an investigation and had not found any

7

1   proof that Plaintiff had stolen $5,000.00 in exchange for Defendants'
2   tires. However, Defendants terminated Plaintiff's employment and
3   attempted to get Plaintiff, who is a Spanish-speaker who does not
4   read or understand English, to sign termination papers in English
5   without the benefit of Spanish translations. Defendants informed
6   Plaintiff that the papers he was being asked to sign were for a
7   "voluntary dismissal," however, in truth the English paperwork was
8   an attempt by Defendants to dupe Plaintiff into signing a document
9   that would falsely state that he had "no complaints, claims, injuries
10  or other matters related to [his] employment." Plaintiff did not
11  understand the paperwork, therefore, Plaintiff refused to sign the
12  dismissal papers.

13          18.    At the time Plaintiff was terminated, though
14  Defendants had managed to promptly initiate and complete an
15  investigation into baseless charges against Plaintiff, Defendants
16  still had not completed an investigation of Plaintiff's complaint
17  about the open container of marijuana placed in the truck to which
18  Plaintiff was assigned. In fact, Plaintiff had not even been
19  contacted by anyone from the Company in connection with Plaintiff's
20  complaint.

21          19.    Defendants failed and refused to report the alleged
22  theft to the police so that the police could conduct a thorough,
23  impartial investigation. Instead, Defendants terminated Plaintiff's
24  employment claiming, falsely, that Plaintiff had failed to follow
25  Defendants' policies. The true reason for Plaintiff's termination was
26  in retaliation for his complaints about Defendants' unlawful
27  activities including the placement of open containers of marijuana
28  in a truck being used for Defendants' business, and his insistence

8

1   on seeking medical treatment and request to use the legally mandated

2   sick leave when he injured his back.

3       20.   In addition to the other unlawful activities in

4   Defendants' workplace, throughout Plaintiff's employment,

5   Defendants knowingly and intentionally failed to pay Plaintiff

6   overtime compensation; failed to provide meal and rest periods;

7   failed to provide accurate itemized statements; failed to pay

8   for all hours worked; failed to furnish all wages owed upon

9   discharge; and failed to pay other compensation and penalties

10   due pursuant to the Labor Code and Industrial Wage Orders.

11       21.   Defendants failed to pay Plaintiff for all overtime

12   hours worked. Plaintiff was paid at the base rate of $20.00 per hour.

13   Plaintiff's regular workday was from 5:30 a.m. to 6:00 - 6:30 p.m.

14   Monday through Friday and from 6:00 a.m. to 2:00 p.m. on Saturdays.

15   During the period that Plaintiff worked for Defendants, Defendants

16   routinely shorted and failed to pay Plaintiff for his full overtime

17   hours. Plaintiff was not paid for approximately 20 hours per week

18   that Plaintiff was required to work without receiving overtime pay.

19   Defendants failed to pay Plaintiff for approximately 20 hours per

20   week of regular overtime pay at the rate of $30.00 per regular

21   overtime hour for approximately six months. Thus, during Plaintiff's

22   employment, Defendants failed to pay Plaintiff approximately 520

23   hours totaling approximately $15,600.00 in earned wages and overtime

24   pay.

25       22.   Defendants also forced Plaintiff and

26   Drivers/Distributors to work, driving for deliveries, without being

27   allowed an uninterrupted 30-minute meal period during the first five

28   hours of the day. Plaintiff was forced to forego an uninterrupted

9

lunch break in order to ensure that Defendants' deliveries were made timely. Moreover, though Plaintiff routinely worked a 12-13 hour workday, Monday through Friday, Defendants did not provide Plaintiff with a second 30-minute meal period.

23.    Defendants also routinely denied Plaintiff and Drivers/Distributors rest periods of at least 10 minutes each 5 hours, again, requiring that Plaintiff forego rest periods while on the road making deliveries in order to ensure that Defendants' deliveries were made timely.

24.    Plaintiff applied for and received a right-to-sue letter from the California Department of Fair Employment and Housing.

### FIRST CAUSE OF ACTION

**(Race Discrimination in Violation of Govt. Code § 12900, et seq., Against the TW and Autoforce Defendants)**

25.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.    Plaintiff is a Hispanic male and as such is a member of a protected class. Plaintiff was discriminated against with respect to the terms and conditions of his employment. As discussed above, Plaintiff was denied the same assistance that other non-Hispanic drivers were given, and Plaintiff and other drivers of Hispanic descent were required to load tires on to delivery trucks while non-Hispanic drivers were not required to load delivery vehicles. Plaintiff and other drivers of Latino or Hispanic descent were required to load tires on to delivery trucks for the non-Hispanic drivers while non-Hispanic drivers were not required to load the delivery vehicles of Plaintiff and other Hispanic drivers.

10

27. Defendants' racially discriminatory acts toward Plaintiff in the treatment and terms and conditions of his employment with Defendants violated the Federal Employment and Housing Act (Government Code Section 12900, et seq. (the "FEHA")).

28. As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been wrongfully discriminated against by Defendant. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of employment-related opportunities. Also, as a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional distress, physical injury and sickness, and has been injured in mind and body.

29. The wrongful conduct of Defendants set forth hereinabove was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable. The wrongful conduct of Defendants set forth hereinabove was perpetrated upon Plaintiff maliciously, with the intention by Defendants to cause injury to Plaintiff and was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights or safety of Plaintiff. The wrongful conduct of Defendants set forth hereinabove was also oppressive in that it was

11

despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights. Such despicable conduct was base, vile and contemptible. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual defendant, had advance knowledge of the wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate defendant by and through its officers, directors and managing agents, and each individual defendant authorized and ratified the wrongful conduct herein alleged. Therefore, Plaintiff seeks exemplary and punitive damages against Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against the TW and Autoforce Defendants)

30. Plaintiff incorporates herein by reference all of the allegations set forth in paragraphs 1 through 24, hereinabove, as though fully set forth at length.

31. Defendants' actions, as alleged above, constitute a violation of the public policy of this State, in that the termination of Plaintiff's employment contravenes specific constitutional and statutory provisions, including Vehicle Code section 23222b, which prohibits the carrying of an open container of marijuana in a vehicle, and Labor Code section 1102.5 which prohibits termination of the employment of a person who complains of such prohibited conduct. Defendants' actions, also constitute a violation of the public policy of this State, in that the termination of Plaintiff's

12

1  employment contravenes specific constitutional and statutory
2  provisions, including Labor Code sections 246 and 246.5 which provide
3  that an employee shall accrue paid sick days of not less than one
4  hour per every 30 hours worked and that an employer shall not
5  discharge or discriminate against an employee for exercising the
6  right to use accrued sick days. Plaintiff's termination also violated
7  California's whistle-blower protections (Labor Code section 1102.5)
8  which prohibit discrimination and retaliation against employees who
9  complain about or protest unlawful or illegal activities in the
10 workplace. Plaintiff's termination further constitute a violation of
11 the public policy of this State, in that the termination of
12 Plaintiff's employment contravenes specific constitutional and
13 statutory provisions which prohibit race discrimination, including
14 the provisions of Government Code section 12940, et seq., which
15 expressly forbids such conduct.

16         32.   As a proximate result of Defendants' discriminatory
17 and retaliatory actions against Plaintiff, as alleged above,
18 Plaintiff has been harmed in that Plaintiff has suffered the loss of
19 the wages, salary, benefits, and additional amounts of money
20 Plaintiff would have received if Plaintiff had not been wrongfully
21 discriminated against and retaliated against by Defendant. As a
22 further proximate result of Defendants' discriminatory and
23 retaliatory actions against Plaintiff, as alleged above, Plaintiff
24 has been harmed in that Plaintiff has suffered the intangible loss
25 of employment-related opportunities. Also, as a further proximate
26 result of Defendants' discriminatory and retaliatory actions against
27 Plaintiff, as alleged above, Plaintiff has been harmed in that
28 Plaintiff has suffered humiliation, mental anguish, and emotional

13

Exhibit A - Page 17

1  distress, physical injury and sickness, including injury to his arm,

2  and has been injured in mind and body.

3            33.    The   wrongful   conduct   of   Defendants   set   forth

4  hereinabove was perpetrated upon Plaintiff intentionally, willfully,

5  fraudulently, in conscious disregard of Plaintiff's rights and safety

6  and with a callous indifference to the injurious consequences which

7  were substantially certain to occur and was shameful, despicable and

8  deplorable.  The wrongful conduct of Defendants set forth hereinabove

9  was  perpetrated  upon  Plaintiff  maliciously,  with  the  intention  by

10 Defendants to cause injury to Plaintiff and was despicable conduct

11 carried on by Defendants with a willful and conscious disregard of

12 the   rights   or   safety   of   Plaintiff.    The   wrongful   conduct   of

13 Defendants set forth hereinabove was also oppressive in that it was

14 despicable  conduct  that  subjected  Plaintiff  to  cruel  and  unjust

15 hardship  in  conscious  disregard  to  Plaintiff's  rights.    Such

16 despicable conduct was base, vile and contemptible.  Plaintiff is

17 further  informed  and  believes  that  each  business  or  corporate

18 employer, through its officers, directors and managing agents, and

19 each  individual  defendant,  had  advance  knowledge  of  the  wrongful

20 conduct, with a conscious disregard of the rights and safety of

21 Plaintiff, and after becoming aware of their wrongful conduct, each

22 corporate  defendant  by  and  through  its  officers,  directors  and

23 managing  agents,  and  each  individual  defendant  authorized  and

24 ratified the wrongful conduct herein alleged.  Therefore, Plaintiff

25 seeks exemplary and punitive damages against Defendants in an amount

26 according to proof.

27 \\\

28 \\\

14

### THIRD CAUSE OF ACTION

**(Failure to Pay Wages Due for All Hours Worked in Violation of Labor Code §§ 201 and 203 Against All Defendants)**

34.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, above, as though set forth herein at length.

35.     At all relevant times Plaintiff was a non-exempt employee of Defendants, covered by California Labor Code Section 201 and Industrial Wage Orders.

36.     At all relevant times, Defendants were required to compensate their hourly employees for all hours worked upon reporting to work at the appointed time. Defendants failed to compensate Plaintiff for all hours worked.

37.     Section 201 of the Labor Code provides that wages earned and unpaid at the time an employer discharges an employee are due and payable immediately.

38.     Plaintiff was terminated over thirty (30) days ago by Defendants, and at the time Defendants did not pay the Plaintiff in accordance with Sections 201 of the Labor Code.

39.     Pursuant to Labor Code Section 203, because Defendants willfully failed to pay all wages earned and unpaid at the time of termination, Plaintiff is entitled to thirty (30) days of wages as statutory penalty wages, together with interest thereon at the legal rate of 10% from the date each sum became due.

### FOURTH CAUSE OF ACTION

**(Failure to Pay Overtime Wages in Violation of *Labor Code* §§ 510 and 1194 by Plaintiff Against All Defendants)**

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, above, as though set forth herein at length.

41.     At all relevant times Plaintiff was a non-exempt

15

employee of Defendants, covered by California Labor Code Sections 510 and 1194, and Industrial Wage Orders.

42.   Pursuant to California Labor Code Section 510, Plaintiff is, and at all relevant times was, entitled to payment of the "overtime" compensation at the rate of no less than one and one-half (1 ½) times the regular rate of pay for:

(a)   any work in excess of eight hours in one workday;

(b)   any work in excess of 40 hours in any one workweek; or

(c)   the first eight hours worked on the seventh day of work in any one workweek.

43.   Pursuant to California Labor Code Section 510, Plaintiff further is entitled to payment of the "overtime" compensation at the rate of no less than twice the regular rate of pay for:

(a)   any work in excess of 12 hours in one day; or

(b)   any work in excess of eight hours on any seventh day of a workweek.

44.   During Plaintiff's employment, Defendants routinely required the Plaintiff to work in excess of forty (40) hours per week, in excess of eight (8) hours per day, and over twelve (12) hours per day.

45.   Plaintiff did not receive pay of one and one-half (1 ½) times his regular rate of pay or as otherwise required by law when Plaintiff worked in excess of forty (40) hours per week and in excess of eight (8) hours per day.  Plaintiff further did not receive pay of two times the regular rate of pay for days he worked in excess of twelve (12) hours in one day.  In fact, Plaintiff's check was routinely shorted to deprive him of the full

16

1    amount of overtime pay he earned during his employment by Defendants.

2        46.   During the last four (4) years and during Plaintiff's

3    employment with Defendants, Defendants failed and refused to pay

4    Plaintiff lawful "overtime" compensation, and therefore Plaintiff is

5    entitled to recover the unpaid balance of the full amount of the

6    hourly wage rate, including interest thereon, reasonable attorney's

7    fees, and costs of suit. Plaintiff's rate of pay was $20 per hour.

8        47. During plaintiff's employment, Defendants failed to pay

9    Plaintiff for approximately 20 hours per week of regular overtime pay

10   at the rate of $30.00 per regular overtime hour for approximately six

11   months. Thus, during Plaintiff's employment, Defendants failed to pay

12   Plaintiff approximately 520 hours totaling approximately $15,600.00

13   in earned wages and overtime pay.

14       48.   Plaintiff further alleges that Defendants at all times

15   had the ability to pay Plaintiff all wages due and the lawful

16   "overtime compensation," but knowingly and willfully refused to pay

17   Plaintiff the lawful "overtime" compensation.

18       49.   Pursuant to Labor Code Section 203, because Defendants

19   willfully failed to pay all wages earned and unpaid at the time of

20   termination, Plaintiff is entitled to thirty (30) days of wages as

21   statutory penalty wages, together with interest thereon at the legal

22   rate of 10% from the date each sum became due.

23                       **FIFTH CAUSE OF ACTION**

24   **(Failure to Provide Meal Periods in Violation of *Labor Code***
         **§§ 226.7 and 512 Against All Defendants)**
25

26       50.   Plaintiff realleges and incorporates by reference

27   paragraphs 1 through 24, above, as though set forth herein at length.

28       51.   At all relevant times Plaintiff was a non-exempt

                                    17

employee of Defendants, covered by California Labor Code Sections 226.7 and 512, and Industrial Wage Orders.

52.   Pursuant to California Labor Code Section 512, Plaintiff is, and at all relevant times was, entitled to a meal period of not less than thirty (30) minutes for every five (5) hours worked in a day.  Plaintiff was further entitled to a second meal period of not less than thirty (30) minutes for every ten (10) hours worked in a day.

53.   During the last four (4) years, during Plaintiff's employment with Defendants, Defendants routinely failed to provide Plaintiff with uninterrupted meal periods during Plaintiff's work shifts, and failed to compensate Plaintiff in lieu thereof for said meal periods as required by Labor Code sections 226.7 and 512, and the other applicable sections of the Labor Code and Industrial Wage Orders.

54.   During Plaintiff's employment, Plaintiff was daily denied the right, forced to forego, and could not take, legally required meal periods.  Plaintiff was not permitted to be relieved of his duties when it was time for a meal rather, Plaintiff was required to continue to work and deliver Defendants' tires, forgoing meal periods. Defendants and their agents and managers were fully aware that Plaintiff was routinely denied meal periods.

55. During Plaintiff's employment, Plaintiff was daily denied the right, forced to forego, and did not take, legally required meal periods. During Plaintiff's six months of employment, Plaintiff worked approximately 156 days, for a total of 156 missed meal periods.  Defendants failed to pay Plaintiff for approximately 156 hours of missed meal periods at the regular pay rate of $20.00

18

1  per hour for approximately $3,120.00 of unpaid meal time.

2      56.   As a result of the conduct of the Defendants,

3  Plaintiff is entitled to the statutory penalty of one additional hour

4  of pay at Plaintiff's regular rate of compensation for each workday

5  that the meal period was not provided and Plaintiff is also entitled

6  to reasonable attorney's fees, and costs of suit.

7                     **SIXTH CAUSE OF ACTION**

8   **(Failure to Provide Rest Periods or Compensation In Lieu Thereof
    in Violation of Labor Code § 226.7 Against All Defendants)**

9

10     57.   Plaintiff realleges and incorporates by reference

11 paragraphs 1 through 24, above, as though set forth herein at length.

12     58.   At all relevant times Plaintiff was a non-exempt

13 employee of Defendants, covered by Labor Code Sections 226.7 and

   Industrial Wage Orders.

14
15     59.   Industrial Wage Orders require employees to receive

16 a 10-minute paid rest period for every four (4) hours worked.   The

17 rest period times shall be counted as hours worked for which there

18 shall be no deduction from wages.

19     60.   Any employer which violates the aforementioned Labor

20 Code Section 226.7 and Industrial Wage Orders is liable to the

21 employee for one additional hour of pay at the employee's regular

22 rate of compensation for each work day that the rest period is not

23 provided.

24     61.   During the last four (4) years and during Plaintiff's

25 employment with Defendants, Defendants routinely failed to provide

26 paid, ten-minute rest periods for every four (4) hours or major

27 fraction thereof, worked per day; and Defendants failed to provide

28 compensation for these periods in violation of the applicable Labor

                              19

1   Code section 226.7 and Industrial Wage Orders.

2       62.   During Plaintiff's employment, Plaintiff was daily

3   denied the right, forced to forego, and did not take, legally

4   required rest periods. During Plaintiff's six months of employment,

5   Plaintiff worked approximately 156 days, for a total of 468 missed

6   rest periods at the regular pay rate of $20.00 per hour for each

7   workday that Plaintiff was denied rest periods, totaling

8   approximately $3,120.00 of unpaid rest period time.

9       63.   As a result of the conduct of the Defendants,

10  Plaintiff is entitled to the statutory penalty of one additional hour

11  of pay at Plaintiff's regular rate of compensation, $20 per hour, for

12  each workday that the rest periods were not provided, as well as

13  reasonable attorney's fees, and costs of suit.

14                        **SEVENTH CAUSE OF ACTION**

15  **(Failure to Furnish Wage and Hour Statements in Violation of Labor
       Code § 226 by Plaintiff Against All Defendants)**

16

17      64.   Plaintiff realleges and incorporates by reference

    paragraphs 1 through 24, above, as though set forth herein at length.

18

19      65.   At all relevant times Plaintiff was a non-exempt

20  employee of Defendants, covered by California Labor Code Section 226

    which was in full force and effect and was binding on Defendants.

21

22      66.   Section 226 of the Labor Code requires Defendants to

23  furnish employees accurate itemized statements in writing showing,

    among other items, gross wages earned, total hours worked, net wages

24

25  earned, dates or period for which an employee was paid, the name and

    address of the legal entity that is the employer, and all applicable

26

27  hourly rates in effect during the pay period and the corresponding

    number of hours worked at each hourly rate by the employee.

28

20

67. During Plaintiff's employment Defendants knowingly and intentionally failed to provide the Plaintiff with timely and accurate wage and hour statements showing, among other items, gross wages earned (including regular and overtime wages), total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the Plaintiff.

68. As a result of Defendants failure to comply with Section 226 of the Labor Code, Plaintiff suffered injuries. Because of the inaccurate wage statements, Plaintiff was forced to determine if Plaintiff received the correct overtime rates of one-half times Plaintiff's regular rate of pay and double Plaintiff's regular rate of pay, as applicable.

69. Plaintiff also alleges that Plaintiff suffered injuries as a result of the inaccurate wage statements because Plaintiff was not paid overtime for the time Plaintiff performed work for Defendants over eight or 12 hours in a day and over 40 hours a week, or other work hours.

70. Plaintiff further alleges that Plaintiff suffered injuries as a result of the inaccurate wage statements because Plaintiff was prevented from effectively and accurately, determining and challenging the rate and overtime rate paid, or withheld, by Defendants. Plaintiff suffered further injuries as a result of the inaccurate wage statements because Plaintiff incurred expenses and fees in filing this lawsuit and in attempting to reconstruct time and pay records, and other matters.

71. Plaintiff's ability to calculate unpaid and miscalculated overtime and regular rate of pay, was complicated and

21

obstructed because of the missing information on Plaintiff's paycheck and other employment records.

72. Plaintiff further alleges that Defendants violated the applicable Labor Code sections knowingly and intentionally.

73. Based on Defendants's conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code Section 226 and, and other applicable provisions of the Labor Code and Wage Orders.

74. Specifically, pursuant to Labor code section 226(e)(1) Plaintiff is entitled to statutory penalties of fifty dollars ($50) for the initial pay period in which Defendants violated these applicable Labor Code sections and one hundred dollars ($100) for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), reasonable attorney's fees and costs. The pay periods for which Plaintiff did not receive accurate wage statements result in a penalty of approximately $2,550.00.

**EIGHTH CAUSE OF ACTION**

**(Failure to Provide Paid Sick Leave in Violation of *Labor Code* §§ 246, 246.5 and 248.5 Against All Defendants)**

75. Plaintiff realleges and incorporates by reference paragraphs 1 through 24, above, as though set forth herein at length.

76. At all relevant times Plaintiff was a non-exempt employee of Defendants, covered by California Labor Code Sections 226.7 and 512, and Industrial Wage Orders.

77. Pursuant to California Labor Code Section 246 and 246.5 Plaintiff was entitled to paid sick days at the rate of not less than one hour per every 30 hours worked and, at the time

22

1   Plaintiff notified Defendants of his back injury, Plaintiff has
2   accrued 24 hours of sick leave. Plaintiff was further entitled to
3   accurate notice of his accrued sick leave time available and to use
4   his accrued sick leave without retaliation by his employer.

5       78.    During the last four (4) years, during Plaintiff's
6   employment with Defendants, Defendants denied Plaintiff the use of
7   his accrued paid sick leave and retaliated against Plaintiff for
8   taking unpaid sick leave when Defendants refused to permit Plaintiff
9   to take paid sick leave for the full number of hours of paid sick
10  leave that Plaintiff had accumulated.

11      79. During Plaintiff's employment, Plaintiff was denied the
12  right to 24 hours of accrued paid sick leave, delayed and prevented
13  from taking necessary sick leave, forced to take unpaid leave, for
14  a total of 24 missed hours of paid sick leave at the regular pay rate
15  of $20.00 per hour.

16      80.    As a result of the conduct of the Defendants,
17  Plaintiff is entitled to the statutory penalty of the dollar amount
18  of the paid sick days withheld from Plaintiff multiplied by three.
19  Plaintiff is further entitled to a penalty of $4,000 because
20  Plaintiff's employment was terminated because he availed himself of
21  his statutory right to sick leave. Plaintiff is also entitled to
22  reasonable attorney's fees, and costs of suit.

23      WHEREFORE, Plaintiff prays for relief as set forth
24  hereafter:

25  As to the First and Second Causes of Action:

26      1.    Damages according to proof but believed to be in
27  excess of $1,000,000.00;

28      2.    Attorneys' fees;

23

3.   Costs;

4.   Prejudgment interest;

5.   Post-judgment interest;

6.   Punitive damages; and

7.   Such other and further relief as the Court deems just and proper.

As to the Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action:

1.   Damages according to proof but believed to be in excess of $1,000,000.00;

2.   Attorneys' fees;

3.   Costs;

4.   Prejudgment interest;

5.   Post-judgment interest;

6.   Penalties; and

7.   Such other and further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

DATED: March 29, 2021                    McMILLAN & HERRELL
                                         SHELLY D. McMILLAN
                                         MATTHEW B. HERRELL

                                         By:__*Shelly D. McMillan*__
                                              Shelly D. McMillan
                                         Attorneys for Plaintiff,
                                         URIEL ARRUZ MASIS

24

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>McMILLAN & HERRELL<br>MATTHEW B. HERRELL SBN, 146242<br>8383 Wilshire Blvd., Suite 363<br>Beverly Hills,California 90211<br>TELEPHONE NO.: (323) 951-0060   FAX NO.: (323) 951-0061<br>ATTORNEY FOR *(Name):* Plaintiff URIEL ARAUZ MASIS | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Riverside<br><br>**3/29/2021**<br>**J. Hendrickson**<br>Electronically Filed |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Uriel Arauz Masis v. Tire's Warehouse, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CVRI2101672**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 29, 2021
Shelly D. McMillan
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit A - Page 29

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**                 Page 2 of 2

Exhibit A - Page 30

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address): | FOR COURT USE ONLY |
|---|---|
| McMILLAN & HERRELL<br>SHELLY D. McMILLAN, SBN: 136618<br>8383 Wilshire Blvd., Suite 363<br>Beverly Hills, California 90211<br>TELEPHONE NO: 323-951-0060      FAX NO. (Optional): 323-951-0061<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF URIEL ARAUZ MASIS | **FILED**<br>Superior Court of California<br>County of Riverside<br>**3/29/2021**<br>J. Hendrickson<br>**Electronically Filed** |
| PLAINTIFF/PETITIONER: URIEL ARAUZ MASIS<br><br>DEFENDANT/RESPONDENT: TIRE'S WAREHOUSE, LLC | |
| | CASE NUMBER:<br>**CVRI2101672** |
| **CERTIFICATE OF COUNSEL** | |

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐   The action arose in the zip code of: _____

☐   The action concerns real property located in the zip code of: _____

☒   The Defendant resides in the zip code of:   92881 _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  March 29, 2021

Shelly D. McMillan
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _S__S__D___ _____
(SIGNATURE)

Page 1 of 1

Approved for Mandatory Use,
Riverside Superior Court
RI-CI032 [Rev. 08/15/12]
(Reformated 01/07/19)

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

Exhibit A - Page 31

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2101672

**Case Name:**    MASIS vs TIRE'S WAREHOUSE, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Jackson Lucky in Department 10  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 04/12/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by:  _J. Henderson_ (signature)
_____
J. Hendrickson, Deputy Clerk

CI-NODACV
(Rev. 02-16-21)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2101672

McMillan, Shelly D.
8383 WILSHIRE BOULEVARD, SUITE 363
Beverly Hills, CA 90211

MASIS, URIEL ARAUZ

U.S. AUTOFORCE, LLC

TIRE'S WAREHOUSE, LLC

WRIGHT, RICHARD

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2101672

**Case Name:**   MASIS vs TIRE'S WAREHOUSE, LLC

Shelly D. McMillan
8383 WILSHIRE BOULEVARD, SUITE 363
Beverly Hills, CA 90211

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 10/12/2021 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

 Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

 Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

Exhibit A - Page 34

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 04/12/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

J. Hendrickson, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Shelly D. McMillan | SBN: 136618<br>McMillan & Herrell<br>8383 Wilshire Blvd Ste 363   Beverly Hills, CA 90211<br><br>TELEPHONE NO.: (323) 951-0060 | FAX NO.: | E-MAIL ADDRESS *(Optional):* mcmillanandherrell@hotmail.com<br>ATTORNEY FOR *(Name):* Plaintiff: Uriel Arauz Masis | **FILED**<br>Superior Court of California<br>County of Riverside<br>**6/7/2021**<br>**J. Hendrickson**<br>**Electronically Filed** |

**RIVERSIDE COUNTY SUPERIOR COURT**

STREET ADDRESS: 4050 Main St.

MAILING ADDRESS:

CITY AND ZIP CODE: Riverside, CA 92501

BRANCH NAME: Central

| PLAINTIFF: Uriel Arauz Masis | CASE NUMBER: |
|---|---|
| DEFENDANT: Tire's Warehouse, LLC, et al | CVRI2101672 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Masis v Tire's Warehouse, et al |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Certificate of Counsel; Notice of Case Management Conference; Notice of Department Assignment**

3. a. Party served *(specify name of party as shown on documents served):*
   **Tire's Warehouse, LLC, a California limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Jessie Gastelum - CT Process Specialist**

   | Age: 26- 30 | Weight: 141-160 Lbs | Hair: Brown | Sex: Female |
   |---|---|---|---|
   | Height: 5'1 - 5'6 | Eyes: | Race: Latino | |

4. Address where the party was served: **CT Corporation System**
   **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **5/26/2021**    (2) at *(time):* **12:45 PM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*  from *(city):*                                    **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Exhibit 9 - Page 36

Code of Civil Procedure, § 417.10

POS010-1/157478A

PETITIONER: Uriel Arauz Madis

RESPONDENT: Tire's Warehouse, LLC, et al

CASE NUMBER: **CVRI2101672**

---

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*   (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Tire's Warehouse, LLC, a California limited liability company**

   under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                                      ☑ other: **Limited Liability Company**

7. **Person who served papers**

   a. Name: **V. ENRIQUE MENDEZ - DDS Legal Support**
   b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**
   c. Telephone number: **(714) 662-5555**
   d. **The fee** for service was: $ **53.90**
   e. I am:

      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ registered California process server:
         (i) ☐ owner  ☐ employee  ☑ independent contractor.
         (ii) Registration No.: **3428**
         (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/28/2021**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

_____
**V. ENRIQUE MENDEZ**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>McMillan & Herrell<br>Shelly D. McMillan 136618<br>Matthew B. Herrell 146242<br>8383 Wilshire Blvd., Suite 363, Beverly Hills CA 90211<br>TELEPHONE NO.: 323-951-0060   FAX NO. *(Optional):* 323-951-0061<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Uriel Arauz Masis | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Riverside<br>**6/7/2021**<br>J. Hendrickson<br>Electronically Filed |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, 92501<br>BRANCH NAME: Riverside Historice Courthouse |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Uriel Aruaz Masis<br><br>DEFENDANT/RESPONDENT: Tire's Warehouse, LLC., et al | CASE NUMBER: **CVRI2101672**<br>~~CRVI2101672~~ |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment, Notice of CMC, Certificate of Counsel

3. a. Party served *(specify name of party as shown on documents served):*
   U.S Autoforce, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT Corporations System

4. Address where the party was served:
   301 S. Bedford St., Suite 1, Madison, WI 53703

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6\1\21   (2) at *(time):* 11:40 AM
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

Exhibit A - Page 38

| PLAINTIFF/PETITIONER: Uriel Aruaz Masis | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Tire's Warehouse, LLC., et al | CRVI2101672 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                 (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*:  U.S. AutoForce LLC
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☑ 416.90 (authorized person)
    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                            ☐ other:

7.  **Person who served papers**
  a. Name:  DAVID OVERLIN
  b. Address: 345 W. WASHINGTON AVE, SUITE 323, MADISON, WI 53703
  c. Telephone number: 608-849-6420
  d. **The fee** for service was: $45⁻
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 06/02/2021

DAVID OVERLIN
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

Exhibit A - Page 39

## AFFIDAVIT OF SERVICE

| Case:<br>CVRI2101672 | Court:<br>Superior Court of the State of California for the County of Riverside | County:<br>Riverside, CA | Job:<br>5736489 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Uriel Arauz Masis | | **Defendant / Respondent:**<br>Tire's Warehouse, LLC | |
| **Received by:**<br>Dane County Civil Process, LLC | | **For:**<br>McMillan & Herrell | |
| **To be served upon:**<br>U.S. Autoforce LLC | | | |

I, David Overlin, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Jesse Dalke, CSR, U.S. Autoforce LLC, c/o CT Corporation System, Company: 301 S Bedford St Suite 1, Madison, WI 53703

**Manner of Service:**  Registered Agent, Jun 1, 2021, 11:40 am CDT

**Documents:**  Summons and Complaint (Received Jun 1, 2021 at 9:00am CDT)

**Additional Comments:**
1) Successful Attempt: Jun 1, 2021, 11:40 am CDT at Company: 301 S Bedford St Suite 1, Madison, WI 53703 received by Jesse Dalke, CSR, U.S. Autoforce LLC, c/o CT Corporation System. Age: 35-40; Ethnicity: Caucasian; Gender: Male; Weight: 160; Height: 5'6"; Hair: Blond; Served.

**Fees:**  $45.00

David Overlin                     06/02/2021
**David Overlin**                 **Date**

Dane County Civil Process, LLC
345 W Washington Ave Suite 323
Madison, WI 53703
608-906-2917

*Subscribed and sworn to before me by the affiant who is personally known to me.*

**Notary Public**

06/02/2021                 June 12th, 2024
**Date**                   **Commission Expires**