UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1077 PA (SPx) | Date | June 30, 2021 |
|---|---|---|---|
| Title | Uriel Arauz Masis v. Tire's Warehouse, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Tire's Warehouse, LLC and U.S. Autoforce, LLC ("Removing Defendant"). Removing Defendants contend that this Court possesses diversity jurisdiction, pursuant to 28 U.S.C. § 1332, over the claims filed by plaintiff Uriel Arauz Masis ("Plaintiff") against Removing Defendants and codefendant Richard Wright ("Wright").

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Removing Defendants must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1077 PA (SPx) | Date | June 30, 2021 |
|---|---|---|---|
| Title | Uriel Arauz Masis v. Tire's Warehouse, LLC et al. | | |

Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Here, the Notice of Removal states: "At the time of the filing of the action and at the time of filing this Notice of Removal, Plaintiff was and still is a citizen of California, inasmuch as Plaintiff alleges that he 'is, and at all times mentioned in this [Complaint] was, an individual resident in Stanislaus County, California.' [See Cabrera Decl., Ex. A, Complaint at ¶ 1.] For purposes of assessing diversity jurisdiction, Plaintiff is a citizen of the State of California." (Notice of Removal ¶5.) Because an individual is not necessarily domiciled where he or she resides, Removing Defendants' allegations concerning the citizenship of Plaintiff, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Removing Defendants' allegations related to Plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction.

Even if Removing Defendants had properly alleged the citizenship of Plaintiff, Removing Defendants still would not have made a sufficient showing that codefendant Wright has been fraudulently joined in this case. There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1077 PA (SPx) | Date | June 30, 2021 |
|---|---|---|---|
| Title | Uriel Arauz Masis v. Tire's Warehouse, LLC et al. | | |

in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id.

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., CV 13-4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (quotations omitted).

Here, the Complaint asserts the following claims for relief against all three defendants: (1) failure to pay wages upon discharge, (2) failure to pay overtime wages, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) failure to provide accurate wage statements, and (6) failure to provide paid sick leave. Plaintiff alleges that Wright "is the regional manager for TW and Autoforce and was Plaintiff's supervisor during the time that Plaintiff worked for these defendants." (Compl. ¶4.) Plaintiff also alleges that "throughout Plaintiff's employment, Defendants knowingly and intentionally failed to pay Plaintiff overtime compensation; failed to provide meal and rest periods; failed to provide accurate itemized statements; failed to pay for all hours worked; failed to furnish all wages owed upon discharge; and failed to pay other compensation and penalties due pursuant to the Labor Code and Industrial Wage Orders." (Id. at ¶20; see also id. at ¶¶34-80.)

Removing Defendants assert that Wright is fraudulently joined because "Plaintiff fails to state a single actionable claim against Wright for the alleged Wage Claims, and he does not plead any specific facts suggesting that Wright caused, or is otherwise personally liable, for the Labor Code violations upon which the Wage Claims are based." (Notice of Removal ¶10.) However, Removing Defendants have not presented any arguments or evidence that Plaintiff would not be afforded leave to amend the purported deficiencies in the Wage Claims. Moreover, Removing Defendants concede that "[t]he only specific allegation against Wright concerns his involvement in an internal investigation that Plaintiff contends was a pretext for his 'wrongful termination,'" and Defendants have failed to establish that Plaintiff could not amend his Complaint and assert his wrongful termination claim against all three defendants. (Id. at ¶12.)

If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles v. Wells Fargo Bank,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1077 PA (SPx) | Date | June 30, 2021 |
|---|---|---|---|
| Title | Uriel Arauz Masis v. Tire's Warehouse, LLC et al. | | |

N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting Macey v. Allstate Property & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)) (brackets in original). The Court finds the Removing Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claims alleged against Wright. See Plute, 141 F. Supp. 2d at 1008. Nor can the Court conclude, on this record, that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against Wright. See Padilla, 697 F. Supp. 2d at 1159. The Court therefore finds that Removing Defendants have failed to meet their burden to establish that Wright has been fraudulently joined and, as a result, this Court cannot ignore his citizenship for purposes of assessing the propriety of Removing Defendants' Notice of Removal. Because Removing Defendants have not established that Plaintiff and Wright are diverse, Removing Defendants have failed to establish that "complete diversity" exists between Plaintiff and all defendants, and, as a result, has failed to establish the Court's diversity jurisdiction.

For the reasons stated above, Removing Defendants have failed to establish that the Court possesses diversity jurisdiction over this action. Accordingly, the Court remands this action to Riverside County Superior Court, Case No. CVRI2101672, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.